CONWAY v. FARISH–STAFFORD CO.

(Supreme Court, Appellate Division, Second Department.   July 30, 1915.)

APPEAL AND ERROR ⬤⟶1099—SUBSEQUENT APPEAL—LAW OF THE CASE.

Where an action was in form an action for compensation under a contract, and on that ground the Appellate Division had affirmed an order of reference and held the referee to be without power to allow an amendment changing the claim, and the referee allowed the complaint to be amended so as to claim damages for breach of contract, and reported the whole case, including that part made by the amendment, and awarded damages, with the statement that to hold the complaint as one for compensation would necessitate a finding for defendant, a judgment on the award could not be sustained.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4370–4379;  Dec. Dig. ⬤⟶1099.]

Rich, J., dissenting.

Appeal from Trial Term, Queens County.

Action by John F. Conway against the Farish-Stafford Company. On reargument of defendant's appeal from a judgment rendered in favor of the plaintiff.  Reversed, and new trial granted.

See, also, 152 N. Y. Supp. 1105.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

David Leventritt, of New York City, for appellant.

Martin L. Stover, of New York City (Edwin Blumenstiel, of New York City, on the brief), for respondent.

PER CURIAM.   In the form in which this action was brought, it was for compensation under the contract, and on that ground we affirmed the order of reference against defendant's insistence that it was entitled to a trial by jury.   153 App. Div. 906, 137 N. Y. Supp. 1116.   The referee, however, having in the course of the trial allowed the complaint to be amended, so as to claim damages for breach of contract, proceeded over defendant's objection and exception to report upon the whole case, including that introduced by the amendment allowed by him.   He thus awarded plaintiff $20,000 damages, but stated that to hold the complaint as one for services would necessitate a finding for defendant.   Having held that the complaint originally alleged a cause of action for compensation, and, as counsel for plaintiff then conceded, for compensation only, also that the referee was without power to allow an amendment changing the complaint (157 App. Div. 481, 142 N. Y. Supp. 572), we cannot sustain the judgment wherein plaintiff's recovery is wholly for a nonreferable cause of action.

The judgment is therefore reversed, and a new trial granted; costs to abide the event.

JENKS, P. J., and THOMAS, CARR, and PUTNAM, JJ., concur. RICH, J., votes for affirmance.

---

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes